

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-16-00416-CV
_____

IN RE DALLAS JAMES MOORE

ORIGINAL PROCEEDING

November 29, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On November 10, 2016, Dallas James Moore, an inmate[1] proceeding *pro se,*

filed a *Writ of Mandamus* seeking a reduction of the amount of bail set by the trial court

in his criminal case. By letter that same day, this court advised Moore that the required

filing fee of $155 did not accompany the filing of his application for writ of mandamus.

Said letter directed him to pay the required filing fee or, in lieu thereof, file a statement

of inability to afford payment of court costs in compliance with Rule 20.1(c) of the Texas

---

[1] Moore is an inmate in Potter County Jail. Under chapter 14, an "inmate" means a person housed in a "secure correctional facility" as defined by section 1.07 of the Texas Penal Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001(3), (4) (West 2002). Section 1.07 defines "correctional facility" as a place designated by law for the confinement of a person arrested for, charged with, or convicted of a criminal offense, including a county jail. TEX. PENAL CODE ANN. § 1.07(a)(14)(A) (West Supp. 2016).

Rules of Appellate Procedure. The letter further advised Moore that chapter 14 of the Texas Civil Practice and Remedies Code requires an inmate who files a statement of inability to afford payment of costs to also file a separate affidavit relating to previous filings and a certified copy of his inmate trust account. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2016). Said letter directed payment of the fee or the filing of the required documents by November 21, 2016, and it further advised Moore that non-compliance would subject this proceeding to dismissal without further notice.

On November 16, 2016, Moore filed with this court a statement of inability to afford payment of the filing fee. The statement was accompanied by an *Affidavit of Support Relating to Previous Filing* and a copy of his *Potter County Detention Center Resident Account Summary*. However, Moore's affidavit does not state whether he has or has not filed any prior actions and, thus, does not provide a description of any prior actions as required by section 14.004 of the Texas Civil Practice and Remedies Code.[2] Further, although Moore did submit an uncertified "resident account summary" from Potter County Jail, this statement is an insufficient replacement for the required inmate trust account statement, certified or otherwise.[3]

Unless a party is excused from paying a filing fee, the clerk of this court is required to collect filing fees set by statute or the Texas Supreme Court when an item is

---

[2] Chapter 14 requires an inmate to describe previous litigation by stating the operative facts for which he sought relief, list the case name, cause number, and court in which the case was brought, identify each party, state the result of the action, and state the date of any final order affirming the dismissal of the action as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2), (b).

[3] An inmate "trust account" is a trust account administered by the Texas Department of Criminal Justice pursuant to section 501.014 of the Texas Government Code, accounting for sums held by the Department on behalf of an inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.001(5). The summary at issue here does not provide any information regarding sums held on behalf of Moore.

2

presented for filing. *See* TEX. R. APP. P. 5, 12.1(b). Although the filing of a request for mandamus relief invokes this court's jurisdiction, if a party fails to follow the prescribed rules of appellate procedure, the application may be dismissed. TEX. R. APP. P. 52.1.

Furthermore, the provisions of chapter 14 of the Texas Civil Practice and Remedies Code apply to original proceedings, such as the mandamus proceeding pending before this court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2016). *See also In re Hereford,* No. 07-14-00348-CV, 2014 Tex. App. LEXIS 11521, at *1-2 (Tex. App.—Amarillo Oct. 17, 2014, orig. proceeding) (mem. op.) (per curiam) (holding inmate's failure to file affidavit of previous filings warranted dismissal of mandamus proceeding); *In re Johnson*, No. 07-16-00354-CV, 2016 Tex. App. LEXIS 11841, at *2 (Tex. App.—Amarillo Nov. 1, 2016, orig. proceeding) (mem. op) (per curiam) (dismissing inmate's petition for writ of mandamus for failure to pay the filing fee or submit the required chapter 14 materials). This means that Moore's application for writ of mandamus is subject to dismissal for the failure to comply with a directive from this court requiring that he comply with section 14.004 within a specified time. TEX. R. APP. P. 42.3(c).

Because Moore has failed to file an appropriate affidavit or declaration relating to his previous filings and a certified copy of his inmate trust account within the time provided by this court for compliance, his original proceeding is dismissed.

Patrick A. Pirtle
Justice

3